RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/05/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Johnnie James | DOCKET NO. 1:05 CV 1325 |
| | SECTION P |
| VS. | JUDGE DRELL |
| Timothy Wilkinson | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights action filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, Johnnie James("Plaintiff"). Plaintiff is a Louisiana Department of Corrections inmate, DOC # 116055, currently incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on August 17, 2005 [Rec. Doc. 3].

The instant action was referred to the undersigned Magistrate Judge for review, report and recommendation in accordance with 28 U.S.C.§ 636 and a standing order of this Court.

**Statement of the Case**

Plaintiff is alleging the C.C.A medical staff violated his 8th and 14th amendment rights by failing to provide him any medical attention. Plaintiff asserts when he visited sick call on July 22 and July 26 that he never received adequate medical treatment. As a result of failing to receive adequate medical

treatment, he claims he know suffers from permanent injury.

## IV. ANALYSIS

The Civil Rights of Institutionalized Persons Act, codified at 42 U.S.C.§ 1997e, makes the exhaustion of administrative remedies a mandatory requirement in prison conditions cases brought pursuant to 42 U.S.C.§ 1983 or any other federal law. The statute stipulates that a "prisoner confined in any jail, prison, or other correctional facility," shall not be able to file a suit pursuant to 42 U.S.C.§ 1983 pertaining to prison conditions, until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); See <u>Underwood v. Wilson</u>, 151 F.3d 292, 293 (5th Cir. 1998). Included in the statutory definition of prisoner, are persons such as the Plaintiff , who are "incarcerated or detained in any facility" and are "accused of, convicted of, sentenced for, or adjudicated for, violations of criminal law..." See, 42 U.S.C. § 1997e(h).

Furthermore, the United States Supreme Court has recently held in <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Accordingly, Plaintiff's inadequate medical care claims are subject to the exhaustion requirements of 42 U.S.C.§ 1997e(a). See, <u>Ferrington v. La.</u>

Department of Corrections, 2002 WL 31839142 (5th Cir. 2002) (holding that a plaintiff asserting negligent and intentional violations of his Eighth Amendment right to medical care, was required to exhaust all administrative remedies available to him pursuant to 42 U.S.C. 1997e(a) before proceeding to federal court).

The Louisiana Department of Public Safety and Corrections provides a three step administrative remedy process promulgated at Title 22, pt. I, § 325 of the Louisiana Administrative Code as follows:

> **G. Process**
>
> **1. First Step (Time Limit 40 days)**
> a. The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought (refer to section on "Procedure-Initiation of Process" [Subsection F] for the requirements of the letter.) The inmate should make a copy of his letter of complaint and retain it for his own records. The original letter will become a part of the process, and will not be returned to the inmate. The institution is not responsible for furnishing the inmate with copies of his letter of complaint. This letter should be written to the warden within 30 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP Screening Officer and a notice will be sent to the inmate advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. The warden shall respond to the inmate within 40 days from the date the request is received at the First Step.
>
> b. For inmates wishing to continue to the Second Step, sufficient space will be allowed on the response to give

a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.

2. Second Step (Time Limit 45 days)
a. An inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Screening Officer within 5 days of receipt of the decision. A final decision will be made by the Secretary and the inmate will be notified within 45 days of receipt. A copy of the Secretary's decision will be sent to the warden.

b. If an inmate is not satisfied with the Second Step response, he may file suit in District Court. The inmate must furnish the administrative remedy procedure number on the court forms.

3. Monetary Damages
a. Department of Public Safety and Corrections based upon credible facts within a grievance or complaint filed by an inmate, may determine that such an inmate is entitled to monetary damages where monetary damages are deemed by the Department as appropriate to render a fair and just remedy.

b. Upon a determination that monetary damages should be awarded, the remaining question is quantum, or the determination as to the dollar amount of the monetary damages to be awarded. The matter of determining quantum shall be transferred to the Office of Risk Management of the Division of Administration which shall then have the discretionary power to determine quantum. The determination reached by the Office of Risk Management shall be returned to the Department of Public Safety and Corrections for a final decision. If a settlement is reached, a copy of the signed release shall be given to the warden on that same date.

4. Deadlines and Time Limits

a. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response

time limits shall entitle the inmate to move on to the next Step in the process. Time limits begin on the date the request is assigned to a staff member for the First Step response.

b. An inmate may request an extension in writing of up to five days in which to file at stage of the process. This request shall be made to the ARP Screening Officer for an extension to initiate a request; to the warden for the First Step and to the Assistant Secretary of Adult Services for the Second Step. The inmate must certify valid reasons for the delay, which reasons must accompany his untimely request. The issue of sufficiency of valid reasons for delay shall be addressed at each Step, along with the substantive issue of the complaint.

c. The warden may request permission for an extension of not more than five days from the Assistant Secretary of Adult Services for the step one review/response. The inmate must be notified in writing of such an extension.

d. In no case may the cumulative extensions exceed 25 days.

The alleged unconstitutional conduct occurred on July 22, 2004 and July 26, 2004. [Rec. Doc. 1]. Plaintiff admits he did not file an administrative grievance because his response to other complaints are "backlogged". Thus, the Plaintiff has not provided administrative responses from any level. Therefore, Plaintiff's pleading affirmatively demonstrates that he had not exhausted all three steps of the administrative grievance procedures available to him before filing the instant suit. Plaintiff is not in compliance with the statutory prerequisites that he exhaust administrative remedies before filing suit in federal court.

Under current law, Plaintiff must exhaust the administrative remedy procedure before proceeding herein. The amendment provides for no exceptions. The statute precludes any further action on Plaintiff's claim until he has fully exhausted any available

administrative procedures. The Court notes that Congress enacted 42 U.S.C.§ 1997e(a) to "reduce the quantity of and improve upon the quality of prisoner suits," by affording "corrections officials time and opportunity to address complaints internally before allowing initiation of a federal case." Porter, 34 U.S. at 524-25. Plaintiff's inadequate medical care complaint is precisely the type of civil rights claim contemplated by Congress in it's enactment of 42 U.S.C.§ 1997e(a) and therefore, Plaintiff must first exhaust all administrative grievance procedures available to him before he may bring his civil rights complaint before this Court.

**Accordingly,**

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust all administrative remedies available to him before filing the instant suit pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before

he makes a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]

THIS DONE AND SIGNED in Alexandria, Louisiana on this ____ day of _____October_____, 2004.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE